UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
Norma Cora and Kevin Cora,

                Plaintiffs,

      -against-

Commercial Recovery Systems, Inc.

                Defendant.
-------------------------------------------------------X

Civil Action No.: 9:13-cv-80495

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiffs Norma Cora ("Norma"), and Kevin Cora ("Kevin") by and through their attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for their Complaint against Defendant Commercial Recovery Systems, Inc. ("Defendant"), respectfully set forth, complain and allege, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action seeking damages, and injunctive and declaratory relief arising from Defendant's violations of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits the abusive, deceptive, and unfair debt collection practices by debt collectors..

**PARTIES**

2. Plaintiffs are adult individuals residing in Palm Beach County, maintaining their residence at all relevant times at 6100 NW 2nd Ave, Unit 222, Boca Raton, Florida, 33487.

3. At all relevant times herein, Plaintiffs are each a "consumer", as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of Florida.

5. Upon further information and belief, Defendant is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8035 E. R.L. Thornton, #220 , Dallas, Texas 75228.

6. Defendant's registered agent, CT Corporation Systems, Inc. maintains its office at 1200 South Pine Island, Plantation, Florida 33324.

7. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

8. Upon further information and belief, on a website maintained by Defendant at the URL address of www.crsresults.com Defendant informs visitors to the site "Commercial Recovery Systems (CRS) is a receivables management company offering a performance-based, third party solution for managing and collecting delinquent accounts"

9. Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

10. Upon further information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

11. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 *et seq.*, and 28 U.S.C. §2201.

13. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## **FACTS**

15. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Upon information and belief, Kevin allegedly incurred a debt to Pinnacle Credit Services/Bank of America (referred to hereinafter as the "Alleged Debt").

17. Upon further information and belief, the nature of the Alleged Debt is the type of debt that the FDCPA was designed to regulate.

18. Beginning in or around January 2013, Defendant commenced collection activities to recover the Alleged Debt.

19. On or about January 28, 2013, Defendant called Norma, who had just returned home after recovering from a stroke, and told her that her son, Kevin, owed a debt.

20. Defendant told Norma that as Kevin's mother, she should take care of the debt and pay it for him or else Kevin would be in trouble.

21. Scared by Defendant's threats, and not wanting any harm to befall Kevin, Norma agreed to settle with Defendant on Kevin's behalf.

22. Norma agreed to pay $3,500.00 to Defendant on behalf of Kevin.

23. Thereafter, Norma told Kevin that Defendant had called her and that she had arranged for a settlement on his behalf.

24. Kevin was disturbed by Defendant's unconscionable actions - that Defendant called his mother and disclosed personal information regarding the Alleged Debt, and that Defendant coerced his frail mother with threats of his well being.

25. Kevin told Norma that he did not remember owing the Alleged Debt, and had not received any validation of the Alleged Debt from Defendant.

26. Kevin instructed Norma not to make any payments to Defendant.

27. Norma called Defendant and told Defendant not to take out any money from her account, because she no longer wished to pay for Kevin's Alleged Debt.

28. Defendant became extremely rude, threatening Norma, and becoming abusive and harassing towards Norma, telling her that she has now personally obligated herself to pay the Alleged Debt, and that she was committing a crime by stopping the payment.

29. Defendant's use of threats caused extreme anguish, fright, and frustration to Norma and aggravated her health conditions.

30. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Norma and Kevin have been damaged.

31. As a direct consequence of Defendant's acts, practices, and conduct, Norma and Kevin suffer and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692c(b)

32. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant violated 15 U.S.C. §1692c(b) in that Defendant called Norma, a third party, and stated that Kevin, owed a debt.

34. As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692d

35. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant violated 15 U.S.C. §1692d in that Defendant used conduct the natural consequence of which was to harass, oppress and abuse Plaintiffs when it threatened to go after Norma personally, when it told her that she was committing a crime, all without Kevin's consent.

37. As a result of the Defendant's violation of the FDCPA, the Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692d(2)

38. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant violated 15 U.S.C. §1692d(2) in that Defendant used abusive and threatening language in an attempt to scare Norma into paying the Alleged Debt on behalf of her son, Kevin.

40. As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e

41. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's conduct violated 15 U.S.C. §1692e in that Defendant used false, deceptive and misleading representations in an attempt to collect the Alleged Debt, when it did not send the validation notice to Kevin, and instead reached out to Kevin's elderly mother, Norma, in an attempt to intimidate and pressure her into paying the Alleged Debt on Kevin's behalf.

43. As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(2)

44. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendant violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount, and legal status of the debt, by stating that Kevin owes a debt, when in fact he believes that he does not owe it, and by stating that Norma was now obligated for Kevin's debt.

46.     As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(5)

47.     Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.     Defendant's conduct violated 15 U.S.C. §1692e(5) in that Defendant stated that Norma is responsible for the Alleged Debt, and that Defendant would make her pay it, when Defendant had no right to do so.

49.     As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(7)

50.     Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51.     Defendant's conduct violated 15 U.S.C. §1692e(7) in that Defendant stated that Norma committed a crime by stopping a payment to the Defendant.

52.     As a result of the Defendant's violation of the FDCPA, the Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(10)

53. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. Defendant violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the Alleged Debt.

55. As a result of Defendant's violation of the FDCPA, the Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## NINTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

56. Plaintiffs repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in its attempts to collect an Alleged Debt from the Plaintiffs through the use of coercion and intimidation that Kevin's welfare was in jeopardy.

58. As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## TENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

59. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60. Defendant violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount it had no right to collect, as their was no agreement creating the Alleged Debt and Defendant didn't own the Alleged Debt.

61. As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## ELEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692g(a)

62. Plaintiffs repeat, reiterate, and incorporate the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63. Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to provide Kevin with a written 30-day notice of validation rights and the right to dispute the debt.

64. As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## TWELVTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692g(b)

65.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66.     Defendant's conduct violated 15 U.S.C. §1692g(b) in that Defendant failed to cease collection efforts after Kevin disputed the Alleged Debt, and failed to validate the Alleged Debt .

67.     As a result of Defendant's violation of the FDCPA, Plaintiffs have been damaged and are entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

68.     Plaintiffs hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiffs are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Norma Cora and Kevin Cora demand judgment from the Defendant Commercial Recovery Systems, Inc., as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A)

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        May 13, 2013

      Respectfully submitted,

      By: __s/ Jerald Alan Belofsky_____
           Jerald Alan Belofsky, Esq. (249262)
      Fredrick Schulman & Associates
      Attorneys at Law
      Attorney for Plaintiff
      30 East 29TH Street
      New York, New York 10016
      (212) 796-6053
      info@fschulmanlaw.com