UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80495-CIV-ROSENBAUM/HUNT

NORMA CORA, and
KEVIN CORA,

      Plaintiffs,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

      Defendant.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs Norma Cora and Kevin Cora's Motion for Entry of Default Judgment. [D.E. 8]. The Court has reviewed the Motion and the record in this case and is otherwise fully advised in the premises. For the reasons set forth below, the Court now grants Plaintiffs' Motion.

### *PROCEDURAL BACKGROUND*

On May 13, 2013, Plaintiffs filed a Complaint alleging that Defendant violated numerous provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"). *See* D.E. 1. Defendant was served with a copy of the Complaint and Summons on May 22, 2013. [D.E. 4]. Thus, Defendant's response to the Complaint was due on or before June 12, 2013. Defendant failed to respond, and Plaintiffs subsequently filed a Motion for Clerk's Default. [D.E. 6]. On July 1, 2013, the Clerk entered a default against Defendant. [D.E. 7]. On July 8, 2013, Plaintiffs filed the pending Motion for Default Judgment. [D.E. 8]. Upon receipt of the Motion, the Court issued an Order to Show Cause directing Defendant to show cause in writing by July 22, 2013, why

Plaintiffs' Motion for Default Judgment should not be granted. In its Order, the Court directed counsel for Plaintiffs to serve the Motion for Default Judgment on Defendant so that it could respond to the Motion if it wished to do so. *See* D.E. 9. The Court directed Plaintiffs to file a notice with the Court certifying the date upon which service was accomplished on Defendant. Plaintiffs filed a Notice indicating that Defendant was served with the Motion for Default Judgment via certified mail on July 12, 2013. *See* D.E. 10. Despite this service, as of the date of this Order, Defendant has not filed any response to the Motion for Default Judgment.

## ***DISCUSSION***

Under Rule 55, Fed. R. Civ. P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

Here, Plaintiffs make various claims under the FDCPA. The elements of an FDCPA claim are (1) the plaintiff has been the object of debt-collection activity arising from a consumer debt; (2) the defendant is a debt collector under 15 U.S.C. §1692a(6); and the defendant has violated, through acts or omissions, some part of the FDCPA. *Terrell v. DIRECTTV, LLC*, 2013 WL 3810619, *3 (S.D. Fla. July 22, 2013) (citations omitted). Because the FDCPA imposes strict liability, a plaintiff

need not demonstrate an intentional violation of the Act to be entitled to damages. *Pollock v. Bay Area Credit Serv., LLC*, 2009 WL 2475167, *3 (S.D. Fla. Aug. 13, 2009) (citations omitted).

Here, under the allegations of the Complaint, Plaintiffs Kevin and Norma Cora are individual "consumers" as that term is defined under 15 U.S.C. §1692a(3). D.E. 1, ¶3. Defendant Commercial Recovery Systems, Inc., is corporation incorporated under the laws of the State of Texas and conducts business as a "debt collector" in the State of Florida, as that term is defined under 15 U.S.C. §1692a(6), collecting debts incurred and alleged to be incurred for personal, family, or household purposes. *Id.* at ¶¶ 4-5. The Complaint further avers that Defendant maintains a website at the URL address of www.crsresults.com, where it informs visitors to the site that "Commercial Recovery Systems (CRS) is a receivables management company offering a performance-based, third party solution for managing and collecting delinquent accounts." *Id.* at ¶ 8. The alleged debt at issue is a "consumer debt" as defined under 15 U.S.C. § 1692a(5). *Id.* at ¶ 10.

The facts as alleged in the Complaint establish that Defendant's violations of the FDCPA are as follows:

Plaintiff Kevin Cora allegedly incurred a debt to Pinnacle Credit Services/Bank of America, for personal purposes. *Id.* at ¶¶ 16-17. On or about January 28, 2013, Defendant called Norma Cora, Kevin's mother and disclosed personal information regarding the alleged debt. *Id.* at ¶¶ 18-19. Defendant told Norma that she should take care of the debt or else her son Kevin would be in trouble. *Id.* at ¶ 20. Scared by Defendant's threats, Norma agreed to pay $3,500 to Defendant on behalf of her son Kevin. *Id.* at ¶¶ 21-22. Norma told Kevin about the call and about the payment transaction she had scheduled with Defendant to satisfy the alleged debt. *Id.* at ¶ 23. Kevin responded to Norma that he did not remember owing the Alleged Debt and that he never received

anything in writing from Defendant indicating that he owed a debt or that Defendant had the right to collect the debt. *Id.* at ¶¶ 23, 25.  Thereafter, Norma called Defendant and told Defendant not to take any money from her account. *Id.* at ¶ 27). Defendant informed Norma, in a belligerent manner, that she would now be personally obligated to pay for the debt.  *Id.* at ¶ 28.

Defendant's acts and omissions violated the following sections of the FDCPA:

(1) 15 U.S.C. §1692c(b), in that Defendant called Norma, a third party, and disclosed that Kevin owed a debt, along with specific details about the alleged debt, *see* D.E. 1 at ¶ 33;

(2) 15 U.S.C. §1692d, in that Defendant used conduct the natural consequence of which was to harass, oppress, and abuse Plaintiffs when Defendant threatened to go after Norma personally and told her that she was committing a crime, *see* D.E. 1 at ¶ 36;

(3) 15 U.S.C. §1692d(2), in that Defendant used abusive and threatening language in an attempt to scare Norma into paying the Alleged Debt on behalf of her son Kevin, *see* D.E. 1 at ¶ 39;

(4) 15 U.S.C. §1692e, in that Defendant used false, deceptive, and misleading representations in an attempt to collect the Alleged Debt when it deliberately failed to send the validation notice to Kevin and instead reached out to Kevin's mother Norma in an attempt to intimidate and pressure her into paying the Alleged Debt on Kevin's behalf, *see* D.E. 1 at ¶ 42;

(5) 15 U.S.C. §1692e(2), in that Defendant misrepresented the character, amount, and legal status of the debt, by stating that Kevin owed a debt, when in fact he believes that he does not owe it, and by stating that Norma was now obligated for Kevin's debt, *see* D.E. 1 at ¶ 45;

(6) 15 U.S.C. §1692e(5), in that Defendant stated that Norma is responsible for the Alleged Debt, and that Defendant would make her pay it, when Defendant had no right to do so, *see* D.E. 1 at ¶ 48;

(7) 15 U.S.C. §1692e(7), in that Defendant stated that Norma committed a crime by canceling a payment to the Defendant for Kevin's Alleged Debt, *see* D.E. 1 at ¶ 51;

(8) 15 U.S.C. §1692e(10), in that Defendant used false representations and deceptive means in attempt to collect the Alleged Debt, *see* D.E. 1 at ¶ 54;

(9) 15 U.S.C. §1692f, in that Defendant used unfair and unconscionable means in its attempts to collect an Alleged Debt from the Plaintiffs through the use of coercion and intimidation of Norma by stating that Kevin's welfare was in jeopardy and that Norma had become responsible for the Debt *see* D.E. 1 at ¶ 57;

(10) 15 U.S.C. §1692f(1), in that Defendant attempted to collect an amount it had no right to collect because no agreement created the Alleged Debt, and Defendant states that he did not owe the Alleged Debt, *see* D.E. 1 at ¶ 60;

(11) 15 U.S.C. §1692g(a), in that Defendant failed to provide Kevin with a written 30-day notice of validation rights and the right to dispute the debt, *see* D.E. 1 at ¶ 63;

(12) 15 U.S.C. §1692g(b), in that Defendant failed to cease collection efforts after Kevin disputed the Alleged Debt and failed to validate the Alleged Debt. *See* D.E. 1 at ¶ 66.

Plaintiffs have demonstrated that Defendant was properly served with the Summons and Complaint. (Affidavit of Service of the Broward County Sheriff, Scott J. Israel, sworn to May 22, 2013). In addition, a Clerk's Certificate confirms that Defendant has not filed an Answer or otherwise moved with respect to the Complaint. (Clerk's Certificate, dated July 1, 2013).

Plaintiffs seek statutory damages in the amount of $1,000.00 for each violation. Defendant has failed and refused to defend itself in this action, and therefore all of the material allegations pled by Plaintiffs in the Complaint are now deemed admitted. In light of Defendant's violations of the

FDCPA and its failure to ensure that its actions and collection efforts were in compliance with the FDCPA, Plaintiffs have been damaged. When deemed admitted, Defendant's actions are in violation of the FDCPA, as alleged in the Complaint, and are void of any excuse or defense. The Court further notes that this does not mark the first time that Defendant has been found liable for violations of the FDCPA. *See, e.g., Townsend v. Comm'l Recovery Sys., Inc.*, 2013 WL 3467100 (D. Kan. July 10, 2013); *Martinez v. Comm'l Recovery Sys., Inc.*, 2013 WL 2237571 (M.D. Fla. May 21, 2013). Accordingly, the Court awards each Plaintiff statutory damages in the maximum amount of $1,000.00 in compensation for Defendant's violations of the FDCPA.

Plaintiffs also seek their costs and attorney's fees incurred in this litigation. Under the FDCPA, Plaintiffs are entitled to recover their reasonable costs and attorney's fees. As for the reasonable amounts of such awards, the Court refers Plaintiffs' request for costs and fees to the Honorable Patrick M. Hunt for report and recommendation on the amount of costs and fees to be awarded.

It is hereby **ORDERED and ADJUDGED** that Plaintiffs' Motion for Default Judgment be **GRANTED**. Judgment for Plaintiffs and against Defendant will be entered by separate Order as follows:

1. $1,000.00 for statutory damages awarded to Plaintiff Norma Cora;
2. $1,000.00 for statutory damages awarded to Plaintiff Kevin Cora.

It is further **ORDERED and ADJUDGED** that Plaintiffs shall be awarded their reasonable costs and attorney's fees incurred in prosecuting this action. This Court shall retain jurisdiction over this case for the limited purpose of determining the costs and fees to be awarded. The issue of the

appropriate amount of costs and fees to be awarded is hereby **REFERRED** to the Honorable Patrick M. Hunt for report and recommendation.

      **DONE and ORDERED** this 31st day of July 2013.

                                                                      ROBIN S. ROSENBAUM
                                                                    UNITED STATES DISTRICT JUDGE

copies:

The Honorable Patrick M. Hunt
Counsel of Record